**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Charles Benjamin, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION FOR** |
| | ) | **RECONSIDERATION** |
| vs. | ) | |
| | ) | |
| Ward County and John Doe, | ) | |
| | ) | Case No. 4:12-cv-028 |
| Defendants. | ) | |

_____

Before the court is a "Motion to Reconsider Denial of Appointment of Counsel" filed by

plaintiff, an inmate James River Correctional Center in Jamestown, North Dakota, on September 28,

2012.

The court denied plaintiff's initial request for court appointed counsel without prejudice in

an order dated September 12, 2012.  (Docket No. 30).  Plaintiff asks the court to reconsider its

decision, asserting: (1) his case is factually complex; (2) he is unable to investigate the facts given

his incarceration; (3) there is strong likelihood of conflicting testimony at trial; (4) he has been

unable to find counsel willing to take his case; and (5) he will be disadvantaged at trial as the

absence of trial counsel will likely have a prejudicial impact on the minds of jurors.

First, the court notes that plaintiff is not entitled to court-appointed counsel as a matter of

right. See Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996).  Second, the court, in its discretion, finds

that appointment of counsel is neither necessary nor warranted at this point in time. See id. (stating

that trial courts have broad discretion in deciding whether both the plaintiff and the court would

benefit from the appointment of counsel); see also Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th

Cir.1991) (instructing that the "appointment of counsel should be given serious consideration by the

1

district court if the plaintiff has not alleged a frivolous or malicious claim.").  Although plaintiff

asserts otherwise, his claims are relatively straightforward and he appears capable of presenting his

own case without difficulty as evinced by his filings to date.  As for his ability to investigate the

facts, there is nothing to suggest that his incarceration poses any real impediment from fully

investigating his claim through interrogatories and document discovery.

The court finds no basis for reversing its decision and appointing plaintiff counsel at this

time.  Plaintiff's request for reconsideration (Docket No. 33) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 3rd day of October, 2012.

_/s/ Charles S. Miller, Jr._
Charles S. Miller, Jr.
United States Magistrate Judge