**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Charles Benjamin, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Ward County and John Doe, | ) | Case No. 4:12-cv-028 |
| | ) | |
| Defendants. | ) | |

The plaintiff, Charles Benjamin ("Benjamin"), has filed what the court construes as three separate motions for production. He has also filed a request for subpoenas and a motion for reconsideration of the court's previous order denying his request for court-appointed counsel. For the reasons set forth below, the court grants his first motion for production, denies without prejudice his second and third motions for production, grants his request for subpoenas, and denies without prejudice his motion for reconsideration.

**I.   BACKGROUND**

Benjamin is an inmate at the James River Correctional Center ("JRCC") in Jamestown, North Dakota. He initiated the above-entitled action by complaint on March 20, 2012, asserting that staff at the Ward County Jail had exhibited deliberate indifference to his serious medical needs by failing to provide him with timely treatment for a Methicillin-resistant Staphylococcus Aureus ("MRSA")[1] infection and subsequently take steps to prevent his reinfection while he was in their custody in May 2010. According to his complaint, he contracted a "skin-eating" MRSA infection while incarcerated

---

[1] MRSA "is a type of staph bacteria that is resistant to certain antibiotics called beta-lactams. These antibiotics include methicillin and other more common antibiotics such as oxacillin, penicillin, and amoxicillin." <http://www.cdc.gov/mrsa>

1

at the Ward County Jail. Although staff was aware of his condition, they waited four days before providing him with treatment. They eventually took him to the hospital, where a doctor excised the infected tissue from his leg. They returned him to his cell without first disinfecting it. As a consequence he reinfected with MRSA.

On November 13, 2012, Benjamin filed a motion requesting production of: (1) medical records pertaining to the care he received while incarcerated at the Ward County Jail in May 2010; (2) any similar records in attorney Reed Soderstrom's possession; and (3) medical records from the JRCC regarding his ongoing knee issues. On December 3, 2012, he filed a supplement to his motion wherein he claimed to have developed arthritis in his left knee as a result of the medical care he received while incarcerated in the Ward County Jail in May 2010.

On December 21, 2012, Benjamin filed a motion for reconsideration of the court's denial of his request for court-appointed counsel. Citing his lack of formal legal training and expressing frustration over defendants' objections to his discovery requests, he again asked the court to appoint counsel to assist him in the prosecution of this action.

On December 27, 2012, Benjamin filed a motion for production of medical records from three individuals who are not parties to this action: (1) Dr. James Schmidt, the physician who apparently examined Benjamin in 2010 and, suspecting that Benjamin was infected with MRSA, referred him to Trinity Hospital for treatment; (2) Dr. John Hagan, a JRCC physician who examined Benjamin and ordered x-rays of Benjamin's left knee; and (3) Dr. Michael Dean, an orthopedic surgeon who examined Benjamin and ordered an MRI of Benjamin's left knee in late 2012.

On January 16, 2013, Benjamin filed a motion for production of MRI test results and the accompanying medical records of Dr. Michael Dean.

On January 22, 2013, Benjamin filed a document captioned "Request for Subpoena for

Medical Records." Therein, he requested subpoenas for his medical records in the possession the North Dakota Department of Corrections and Dr. Michael Dean.

## II. DISCUSSION

### A. Motions for Production

Benjamin presumably brings his motions for production pursuant to Fed. R. Civ. P. 26(b)(1) and 37(a). Fed. R. Civ. Rule 26(b)(1) defines the scope of discovery as follows:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

Fed. R. Civ. P. 37(a) provides in relevant part that "a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

It is incumbent on the parties to conduct their own discovery. The court will not typically involve itself in the discovery process unless a dispute arises between the parties that cannot be resolved without court intervention. The court may compel a party or nonparty to comply with a discovery request, but such an order presupposes the existence of a valid discovery request.

Here, it not entirely clear whether Benjamin served defendants with written requests for production of documents prior to filing the motions for production now before the court. Additionally, until he filed a request for subpoenas on January 22, 2013, it does not appear that he endeavored to obtain records from any of the other individuals or entities listed in his motions. See Fed. R. Civ. P. 34(c), 45(a).

In light of the subject matter at issue and giving Benjamin the benefit of all doubt, the court

is inclined to grant Benjamin's request for production of medical records as they pertain to defendants, particularly in light of the fact that defendants have neither objected nor otherwise filed a response to this request. See D.N.D. Fed. R. L. 7.1(F). However, the court is not inclined to grant his requests of non-parties as he has yet to exhaust the other means at his disposal for obtaining medical records purportedly in their possession. Accordingly, Benjamin's motion for production filed on November 13, 2012 (Docket No. 35), is **GRANTED IN PART AND DENIED IN PART.** Defendants are ordered to provide for inspection and copying at their expense any medical records in their possession that previously have not been made available to Benjamin. The motions for production filed on December 27, 2012, and January 16, 2013 (Docket Nos. 38 and 39), are **DENIED** without prejudice. The court shall next address Benjamin's subpoena request.

### B. Subpoenas for Medical Records

As noted above, Benjamin filed a document captioned "Request for Subpoena for Medical Records" on January 22, 2013. He seeks the court's assistance in subpoenaing medical records pertaining to treatment for ongoing left knee issues from the North Dakota Department of Corrections and Dr. Michael Dean.

The issuance of subpoenas to a prisoner raises two concerns: (1) the possibility that the prisoner may abuse of the court's subpoena power; and (2) the viability of subpoenas as a tool for evidence collection given the prisoner's custodial status. Before the court the will authorize the issuance of subpoenas to a prisoner, it typically requires that the prisoner first provide some or all of the following information: (1) the name and address of the person (or entity) to whom each subpoena will be directed; (2) the purpose for each subpoena; (3) the prisoner's wherewithal to conduct any proceeding for which the subpoenas might be issued; (4) the prisoner's ability to tender any witness and other fees that may be required for the subpoenas; and (5) if other means of

4

discovery are available, a demonstration by the prisoner that these other means are neither practical nor likely to result in the production of the needed information.

Here, Benjamin has stated the purpose of the requested subpoenas and identified individuals/entities upon which he wants to serve the subpoenas. Consequently, the court is inclined in this instance to grant his request and direct the Clerk to provide blank subpoena forms to Benjamin for the purpose of obtaining his medical records from non-parties. If Benjamin wants subpoenas for other purposes, he will have to provide the court with additional information.

Accordingly, Benjamin's "Request for Subpoenas" (Docket No. 40 ) is **GRANTED**. The Clerk shall forward Benjamin two blank subpoena forms for the production of documents. Benjamin can complete these forms by inserting the information before signing. However, before he can use these forms, he must return to them to the court for signing. If the forms are properly completed and otherwise appear to be in order, the court will direct the Clerk to sign the subpoena forms and return them to Benjamin, who shall be responsible for properly serving them.

    **C.    Motion for Reconsideration**

Benjamin filed a motion for court-appointed counsel on September 6, 2012. (Docket No. 31). The court denied the request without prejudice in an order dated September 12, 2012. (Docket No. 32). Benjamin promptly filed a motion for reconsideration, which the court denied on October 3, 2012. (Docket Nos. 33 and 34). On December 21, 2012, Benjamin filed a second motion for reconsideration, averring that defendants were taking advantage of his lack of legal training.

Having reviewed the record, the court finds no basis for reversing its initial order denying Benjamin's motion for court-appointed counsel without prejudice. The documents filed by Benjamin to date demonstrate that he is capable of presenting his own case and meeting filing deadlines. Further, because Benjamin's claims are relatively simple and do not involve novel

5

arguments or requests for extension of existing law, he should be able to adequately research his claim. Finally, he has presented his concerns regarding discovery, which the court addressed above. His motion for reconsideration (Docket No. 37) is therefore **DENIED**.

### III.     CONCLUSION

Benjamin's motion for production filed on November 13, 2012 (Docket No. 35), is **GRANTED IN PART AND DENIED IN PART.** His motions for production filed on December 27, 2012, and January 16, 2013 (Docket Nos. 38 and 39), are **DENIED** without prejudice. His "Request for Subpoenas" (Docket No. 40 ) is **GRANTED**. Finally, his motion for reconsideration (Docket No. 37) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 5th day of March, 2013.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr.
United States Magistrate Judge