**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| Charles Benjamin, ) | |
| ) | |
| ) | **ORDER APPOINTING** |
| Benjamin, ) | **COUNSEL** |
| ) | |
| vs. ) | Case No. 1:12-cv-028 |
| ) | |
| Ward County and John Doe, ) | |
| ) | |
| Defendants. ) | |

___

"There is no constitutional or statutory right to appointed counsel in civil cases."  Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006).  "Rather, when an indigent prisoner has pleaded a nonfrivolous cause of action, a court 'may' appoint counsel" pursuant to the authority granted by 28 U.S.C. § 1915(e)(1). Id.  Although § 1915(e)(1) vests the court with substantial discretion in deciding whether to appoint counsel, the court's discretion is not unfettered.  See id; Tabron v. Grace, 6 F.3d 147, 153-158 (3rd Cir. 1993).  The Eighth Circuit has instructed that district courts must consider a number of factors in ruling upon a request for counsel and that the failure to properly consider the factors may be an abuse of discretion.  E.g., Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996); Abdullah v. Gunter, 949 F.2d 1032, 1035-36 (8th Cir. 1991).

In this case, Benjamin has previously requested court-appointed counsel, which the court denied.  However, following a recent review of the pleadings and other material filed with the court, it appears now that Benjamin may have a non-frivolous claim that potentially may require a trial.  Further, it now appears the court-appointed counsel would be of valuable assistance in helping to resolve a number of pending motion and completing discovery.   For these reasons, the court has

1

now determined that appointment of counsel is warranted and appoints Monte Rogneby of the Vogel Law Firm as attorney of record subject to the conditions and limitations set forth below and with the understanding other counsel in the firm may appear and participate on behalf of Benjamin.

Benjamin, however, is not required to accept the appointment of counsel. If Benjamin wishes to continue to represent himself and not accept the appointment of counsel, he must file with the court a written statement that he wants to represent himself and does not want court-appointed counsel. Further, if Benjamin accepts the appointment of counsel and does not file in writing a statement that he does not want one, he will be deemed to have agreed to the following conditions and limitations on his representation by court-appointed counsel:

- The case will now become the responsibility of Benjamin's court-appointed counsel, who is required to follow the applicable rules of procedure and evidence and exercise professional judgment in deciding what matters are relevant and what are not. Unless otherwise permitted by the court, all future court filing shall only be made by court-appointed counsel.

- Court-appointed counsel is not obligated to incur on Benjamin's behalf any litigation costs (except for small items such as postage and copying), and this includes not being obligated to incur costs for deposing witnesses, gathering evidence, and hiring expert witnesses, even if required for Benjamin's case in order for him to successfully prevail. Litigation expenses remain Benjamin's responsibility.

- The appointment of counsel is for this case only and only for the proceedings before this court. Counsel's appointment shall terminate upon the entry of a judgment in this court. Counsel is <u>not</u> required file an appeal on Benjamin's behalf if Benjamin

is unsuccessful or represent Benjamin on appeal. The deadline for filing an appeal is thirty days from the entry of judgment.

**IT IS SO ORDERED.**

Dated this 26th day of July, 2012.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court