# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| Charles Benjamin, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | **ORDER FOR ENTRY OF** |
| | ) | **JUDGMENT OF DISMISSAL** |
| vs. | ) | |
| | ) | |
| Ward County, | ) | Case No. 4:12-cv-028 |
| | ) | |
| Defendant. | ) | |

Before the court is defendant's Request for Entry of Judgment filed on April 1, 2016. For the reasons set forth below, defendant's motion will be granted.

## I. BACKGROUND

Defendant asserted in its answer that plaintiff failed to exhaust his jailhouse remedies prior to filing suit as required by § 42 U.S.C. § 1997e(a). However, rather than filing an early motion to dismiss on that basis, defendant proceeded to engage in merits discovery after which both parties filed cross-motions for summary judgment in which the claimed failure to exhaust jailhouse remedies was not raised.

After review of the cross motions for summary judgment, the undersigned concluded that counsel should be appointed for plaintiff because it appeared there may be fact issues and because plaintiff's claims were not patently without merit. Also, with the consent of the parties, the court termed the initial motions for summary judgment, rather than holding them in abeyance, and allowed time for additional discovery as well as for the filing of new dispositive motions.

Defendant subsequently filed a Renewed Motion for Summary Judgment in which it again asserted that plaintiff's claims failed on the merits. This time, however, defendant also argued at

1

the end of its brief, and almost as an afterthought, that plaintiff had not exhausted his administrative remedies as mandated by § 42 U.S.C. § 1997e(a) prior to filing suit.

On March 18, 2015, the court issued an order granting defendant's renewed motion and dismissed the case with prejudice. In so doing, the court first addressed defendant's failure to exhaust defense but concluded that further proceedings were required to resolve questions of fact central to a number of difficult issues raised by the defense. Then, instead of stopping there and conducting the further proceedings required to resolve the exhaustion issues, the court proceeded to the merits because it appeared clear that dismissal of plaintiff's claims was required in any event and proceeding in that fashion would save the parties further expense and conserve judicial resources. Further, while mindful of the Eighth Circuit precedent holding that in normal course the exhaustion defense must be addressed before proceeding to the merits, the undersigned concluded that those cases had not squarely addressed the situation presented in this case and that, in appropriate cases, a court could proceed to the merits if it appeared clear that judgment could be entered in favor of the defendant, comparable to what the court is explicitly authorized to do in habeas cases by AEDPA and what the Eighth Circuit appears to have recently concluded in Hutton v. Maynard, 812 F.3d 679, 683 (8th Cir. 2016) is appropriate in Title VII cases even without statutory authorization.

On appeal, the Eighth Circuit concluded that the court had erred by proceedings to the merits without first conclusively determining whether plaintiff had exhausted all of his available administrative remedies. The Eighth Circuit vacated the court's judgment and remanded the case "with instructions to determine, in the first instance, whether Benjamin exhausted available remedies, as required by section 1997e(a)." Benjamin v. Ward County, 632 Fed.Appx. 301 (8th Cir.

2

2016) (unpublished per curiam), vacating and remanding 93 F.Supp.3d 1106 (D.N.D. 2015).

On April 1, 2016, the court held a status conference with the parties during which defendant advised that it was waiving its reliance on § 1997(e)(a). Later that same day, defendant filed a "Request for Entry of Judgment," in which it confirmed its waiver and requested that the court enter judgment dismissing the case with prejudice for the same merits-based reasons expressed by the court in its March 18, 2015 order. More than 21 days have passed and plaintiff has not responded to defendant's motion - undoubtedly because he also wants a ruling on the merits.[1]

## II. DISCUSSION

In concluding this court had erred in proceeding to the merits, the Eighth Circuit in relevant part stated:

> [W]e conclude that the district court erred by proceeding to the merits of Benjamin's claims without first determining whether he had exhausted administrative remedies that were available, see 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); Jones v. Bock, 549 U.S. 199, 219–20, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) ("There is no question that exhaustion is mandatory under [§ 1997e(a) ] and that unexhausted claims cannot be brought in court."); Chelette v. Harris, 229 F.3d 684, 686–88 (8th Cir.2000) (once defendant raises failure to exhaust as affirmative defense under § 1997e(a), district court is obligated to determine whether plaintiff exhausted administrative remedies); see also Hallstrom v. Tillamook Cty., 493 U.S. 20, 31, 110 S.Ct. 304, 107 L.Ed.2d 237 (1989) (where Congress sets forth mandatory conditions precedent to commencing suit, district courts lack discretion to disregard them).

632 Fed.Appx. at 301. The question now is whether, irrespective of the apparent wishes of both parties that the court resolve the case on the merits and defendant's explicit waiver of the exhaustion defense following remand, the court is required, nevertheless, to resolve the exhaustion issue before again proceeding to the merits in light of the reasons articulated in the order for remand

---

[1] Under the circumstances, the court deems plaintiff's lack of response to be that he has no objection to the waiver of the exhaustion defense and for entry of judgment so that he can proceed forward and challenge the court's merits-based dismissal rather than agreement that the court's earlier decision on the merits was correct.

along with the instructions to resolve the defense. In other words, do the references in the order for remand that exhaustion is mandatory, that unexhausted claims cannot be brought in court, and that district courts lack discretion to disregard mandatory conditions precedent to commencing suit mean that exhaustion is required notwithstanding a waiver of the defense? Or, even if the defense can be forfeited by it not being raised initially, do they mean that once the defense is raised (and, more particularly, the court is made aware there may be an exhaustion problem) the bell cannot be unrung, so to speak, and the court is obligated to adjudicate the exhaustion issue before proceeding further?

In Foulk v. Charrier, 262 F.3d 687 (8th Cir. 2001), the Eighth Circuit stated:

> Our court has recognized that reliance on the PLRA exhaustion requirement can be waived. See Randolph v. Rodgers, 253 F.3d 342, 347 n. 11 (8th Cir.2001) ("The State argues that the [PLRA exhaustion requirement] required Randolph to exhaust all administrative remedies available in the prison system ... before filing suit. As we held the first time this case was before us, the PLRA issue was not raised in the District Court and the State has `waived the argument on appeal.'") (quoting Randolph v. Rodgers, 170 F.3d 850, 857 n. 8 (8th Cir.1999)); accord Perez v. Wisconsin Dep't of Corrections, 182 F.3d at 536 ("Defendants may waive or forfeit reliance on § 1997e(a), just as they may waive or forfeit the benefit of a statute of limitations."). That principle is consistent with this court's holding in Chelette v. Harris, 229 F.3d 684, 686-88 (8th Cir.2000), cert. denied, 531 U.S. 1156, 121 S.Ct. 1106, 148 L.Ed.2d 977 (2001), that failure to exhaust administrative remedies under § 1997e(a), as amended by the PLRA, does not deprive federal courts of subject matter jurisdiction. Also consistent with the holding in Chelette v. Harris, we recognize that reliance upon the PLRA exhaustion requirement is an affirmative defense under Fed.R.Civ.P. 8(c). Accord Massey v. Helman, 196 F.3d 727, 735 (7th Cir.1999) ("A prisoner's failure to exhaust administrative remedies before filing a claim constitutes an affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure.") (citing cases), cert. denied, 532 U.S. 1065, 121 S.Ct. 2214, 150 L.Ed.2d 208 (2001).

Id. at 687. Given Foulk's characterization of the exhaustion requirement as being an affirmative defense that can be waived, the court concludes it is permissible now to dismiss the case on the merits given defendant's post-remand waiver of the defense.[2]

---

[2] In so concluding, the court does not believe that the Supreme Court decisions since Foulk require a contrary conclusion. The Supreme Court has since made plain that exhaustion under § 1997e(a) is not jurisdictional, Woodford v. Ngo, 548 U.S. 81,101,(2006), and is an affirmative defense, Jones, 549 U.S. at 212. It is these characteristics of the PLRA exhaustion requirement that Eighth Circuit relied upon in Foulk to conclude that it can be waived. And, while the Supreme Court did state in Jones that exhaustion is mandatory and that no unexhausted claims can be brought in

4

Accordingly, the court **GRANTS** defendant's "Request for Entry of Judgment" (Docket No. 123) and **DISMISSES** the above-entitled action on the merits and with prejudice for the reasons set forth in its March 18, 2015, order. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Dated this 12th day of May, 2016.

>/s/ Charles S. Miller, Jr.
> Charles S. Miller, Jr., Magistrate Judge
> United States District Court

---

court, it is clear from Jones this is not literally true in all cases. For one thing, the Court expressly noted that the PLRA authorizes dismissal of a complaint subject to its purview upon an initial screening for reasons other than exhaustion. Jones, 549 U.S. at 214. For another, the conclusion that failure to exhaust is an affirmative defense to be pled by the defendant means, at the very least, that some unexhausted claims will be considered by a court when the defense is not raised. Finally, it does not appear that the Eighth Circuit stands alone in concluding that the PLRA exhaustion requirement is subject to waiver because of these characteristics. See, e.g., Handberry v. Thompson, 446 F.3d 335, 342 (2d Cir. 2006) ("Although the PLRA establishes a mandatory exhaustion requirement, it does not create a jurisdictional predicate to our ability to hear the appeal. * * * "Therefore, '[t]he failure to exhaust available administrative remedies is an affirmative defense . . . [that] is waiveable.'") (quoting Johnson v. Testman, 380 F.3d 691, 695 (2d Cir. 2004)); Anderson v. XYZ Correctional Health, Inc., 407 F.3d 674, 679 (4th Cir. 2005) ("Nonetheless, we think that the analysis in Brickwood suggests that it would be improper to conclude, as did the Sixth and Tenth Circuits, that simply because the PLRA's exhaustion requirement is mandatory, it cannot be waived or forfeited by the defendant."); Perez v. Wis. Dep't of Corr., 182 F.3d 532, 536 (7th Cir. 1999) ("Defendants may waive or forfeit reliance on § 1997e(a), just as they may waive or forfeit the benefit of a statute of limitations.").